UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXT GENERATION CAPITAL, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARY THAI, QUANG THAI, NANCY LOPEZ, and PASCUAL LOPEZ,<br><br>　　　　Defendants. | Case No. 13-cv-02881 NC<br><br>**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. Nos. 1, 7 |

　　Defendants Mary Thai, Quang Thai, Nancy Lopez, and Pascual Lopez filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. On June 25, 2013, this Court ordered defendants to show cause by July 2, 2013 why removal was proper. Defendants failed to respond. The parties also failed to comply with the Court's order to consent to or decline its jurisdiction. Accordingly, the Court REFERS this case for REASSIGNMENT to a district court judge. The Court RECOMMENDS that the district court REMAND the action to Superior Court of California for lack of subject matter jurisdiction.

## I. BACKGROUND

　　Plaintiff Next Generation Capital is a Nevada limited liability company. Dkt. No. 1 at 9. Its predecessor-in-interest bought the property located at 101 Dover Way, Vacaville, California in foreclosure. *Id.* Next Generation brought a limited claim for unlawful

detainer in Solano County Superior Court against Richard and Karen Nickolette and Does 1-10 in order to evict the occupants of the property and recover damages in the amount of $1,760.00 and $55.00 per day after April 30, 2013. *Id.* at 9, 10.

Defendants Mary Thai, Quang Thai, Nancy Lopez, and Pascual Lopez rent the property at 101 Dover Way. *Id.* at 30. In response to Next Generation's complaint, defendants moved to quash service and then filed a demurrer in state court. *Id.* at 27, 32. On May 28, 2013, Judge Pro Tem Steve Gizzi held a hearing on the demurrer, at which defendants failed to appear. *Id.* at 38. Judge Gizzi overruled the demurrer and ordered defendants to answer within five days. *Id.* On June 21, 2013, defendants removed the action to federal court alleging federal subject matter jurisdiction under 28 U.S.C. § 1331 and the Protecting Tenants at Foreclosure Act.

## II. LEGAL STANDARD

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a). In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Id.*

//

## III. DISCUSSION

Defendants' notice of removal does not establish that the federal courts have subject matter jurisdiction over this case, and defendants failed to respond to this Court's order to show cause why removal was proper.

**A.    The Court Lacks Subject Matter Jurisdiction Under § 1331.**

The Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Next Generation's claims arise under state law. "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation marks omitted).  Next Generation alleges that its predecessor-in-interest validly purchased real property in California and that defendants, among others, failed to transfer possession.  State law, as opposed to federal law, creates the cause of action alleged in the complaint, and Next Generation does not claim that a question of federal law must be resolved in order to obtain relief.

Although defendants allege in their notice of removal that Next General violated the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), codified at 12 U.S.C. § 5201, *et seq.*, this is insufficient as a basis for removal.  First, claims pled by the defendant do not confer federal question subject matter jurisdiction; and second, the PTFA does not confer a private right of action.  *See, e.g.*, *Deutsche Bank Nat. Trust Co. v. Eaddy*, 12-cv-01845 YGR, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction.").  Defendants also have not shown that Next Generation's complaint raises a question of federal law.  Therefore, this Court does not have jurisdiction under § 1331.

//

### B. The Court Lacks Subject Matter Jurisdiction Under § 1332.

The Court also lacks subject matter jurisdiction over this action under 28 U.S.C. § 1332 because no facts in the pleadings demonstrate that the amount in controversy exceeds $75,000. Defendants have the burden of alleging the essential elements of diversity jurisdiction. *Dynegy*, 375 F.3d at 838 ("The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."). The facts in the complaint suggest that the parties are diverse. For example, Next Generation is organized under the laws of Nevada, and defendants rent the property at 101 Dover Way in Vacaville, California. Defendants fail to show that the amount in controversy exceeds $75,000, however. Next Generation seeks only $6,325 in damages.[1] In fact, Next Generation filed a limited civil case in Superior Court, stating that the case it brought would seek less than $25,000 in damages. *See* Cal. Civ. Proc. Code § 85. In their notice of removal, defendants do not make any other assertions about the amount in controversy and do not contest Next Generation's calculation. Because the amount in controversy does not exceed $75,000, this Court does not have jurisdiction under § 1332.

### IV. CONCLUSION

The facts alleged fail to show federal subject matter jurisdiction over this action. Because no party has consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), this Court does not have authority to make a dispositive ruling in this case. Therefore, this Court REFERS this case for REASSIGNMENT to the district court and RECOMMENDS that the suit be REMANDED to the Superior Court of California for Solano County. Any party may object to this order within 14 days. Fed. R. Civ. P. 72(b).

IT IS SO ORDERED.

Date: July 22, 2013

                                          Nathanael M. Cousins
                                          United States Magistrate Judge

---

[1] Next Generation's complaint specifies $1,760.00 plus $55.00 per day after April 30, 2013. As of the date of this order, Next Generation's total damages would equal $6,325.